IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY SEAY, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | 1 : 06-CV-88 (WLS) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**RECOMMENDATION**

This Social Security appeal was removed to this court on June 13, 2006. In his complaint, the plaintiff challenges the denial of his application for disability benefits in September 2004. Presently pending herein is the Commissioner's Motion to Dismiss, wherein she contends that this court is without jurisdiction over this matter by virtue of the plaintiff's failure to exhaust all administrative remedies.

The plaintiff's applications for disability benefits were partially granted by an ALJ on September 14, 2004. The ALJ determined that the plaintiff was entitled to a closed period of disability and disability benefits for the period December 4, 1998 through April 12, 2001. On March 23, 2006, the plaintiff requested that the Appeals Council review the September 14, 2004 partially favorable ALJ decision. This request for review remains pending. On April 24, 2006, the plaintiff filed a civil suit in the Magistrate Court of Dougherty County, Georgia, which was removed to this court by the Commissioner on June 13, 2006.

Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), establishes the circumstances which allow a federal court to exercise jurisdiction over an agency decision

regarding Social Security benefits. The pertinent part of § 205(g) provides that "[a]ny individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision". Section 205(g) provides the exclusive means of judicial review of Social Security determinations. Heckler v. Ringer, 466 U.S. 602 (1984). Judicial review is authorized only after a "final decision of the Commissioner of Social Security made after a hearing." Weinberger v. Salfi, 422 U.S. 749, 763 (1975). In order to obtain a final decision, the claimant must obtain a decision by the Appeals Council or notice from the Appeals Council that his request for review is denied. 20 C.F.R. 404.981. Inasmuch as the plaintiff's request for Appeals Council review of the partially favorable ALJ decision remains pending at the Office of Disability Adjudication and Review, and therefore no final decision has been entered by the Appeals Council, the court does not have jurisdiction to review the Commissioner's decision pursuant to § 205(g).

Accordingly, it is the recommendation of the undersigned that the Commissioner's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of January, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE